Rueein, J.
 

 It is settled that instrnménts, like these, do not merge the simple contract of the firm, in respect of the partner not executing them. Therefore, the defendant would be liable in
 
 indebitatus
 
 assumpsit, or debt for goods supplied to the firm, which formed the consideration of the two bonds given, if, in truth, they were given for that consideration. But it is not seen that the bonds can bo evidence to that point, as against tlio firm or the defendant. The rule of the common law, that one partner cannot bind another by deed, by virtue of his authority as partner, merely, and that an instrument, like this, is the deed of the executing party alono, has been acted on so long and so frequently in this State, that it may be considered at rest here, and not open to qualification, notwith
 
 *549
 
 standing suggestions to the contrary, by respectable modem writers on mercantile instruments. If these had been promissory notes, they would have been within the scope of the partner’s authority, and bound all the partners
 
 prima facie, pro-prio
 
 vigore, or as evidence of dealings of the firm -on the common counts in assumpsit. But being under seal, they do not intrinsically bind the defendant, nor does the Court perceive on what ground they can constitute plenary evidence of a debt of the firm on any consideration. If there had been distinct substantive proof of a sale and delivery of goods to the firm, it may be, that those papers might be evidence of the amount of the bill, or the time of payment agreed for, or the like, as any other statement of one of the partners on those points. But they do not purport to express the consideration, on which they were given, and no rational inference can be deduced from the papers, by themselves, that they were given for goods sold, or for any other cause, in particular, affecting the firm. To allow them the operation claimed for them, would, in effect, make them conclusive on all the members of the firm, to the same extent, as if they had been bills or promissory notes, and, so, binding on all the partners, unless they showed they were given on a consideration that did not concern the firm. Whereas, it lies on the plaintiff, here, to show that the dealing was, in fact, with the firm, and these papers can, at most, be only evidence in aid of the points already mentioned.
 
 Per se,
 
 they certainly do not support the issue on the part of the plaintiff, and the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Gueiam, Judgment reversed.